## IN RE WALDRIP.

IMPRISONMENT IS LEGAL, UNDER SECTION 19 OF THE HABEAS CORPUS ACT, where the commitment, which in this territory is a certified copy of the judgment, fully shows the character of the court rendering the judgment, the names of the judge and clerk, and the date of the judgment, although such judgment does not contain the usual recitals.

RETURN TO WRIT OF HABEAS CORPUS, WHICH SETS OUT IN FULL THE RECORD of the proceedings under which the petitioner is held, is a full and complete answer to every allegation contained in the petitioner's application for his discharge, and being admitted as true, negatives the same.

APPEAL from the district court of the third judicial district, county of Mohave. This was an application for a writ of habeas corpus. The opinion states the facts.

*A. C. Baker*, for the petitioner.

*A. E. Davis*, for the respondent.

By Court, FRENCH, C. J. :

On the petition of said Waldrip, a writ of habeas corpus was granted at the January term against C. V. Weeden, in charge of the territorial prison at Yuma, where the said petitioner was imprisoned, returnable at the adjourned term, to show cause for holding petitioner in custody. The petition claiming that the commitment—which in this territory is a certified copy of the judgment—was defective and insufficient in law to warrant the detention of the petitioner in custody.

Section 2218 of compiled laws, being section 19 of habeas corpus act, reads as follows:

"It shall be the duty of such court or judge, if the time during which such party may be legally detained in custody has not expired, to remand such party if it shall appear that he is detained in custody: 1. By virtue of process issued by any court or judge of the United States in a case where such court or judge has exclusive jurisdiction; 2. By virtue of the final judgment or decree of any competent court of criminal jurisdiction, or of any process issued upon such judgment or decree."

The commitment in this territory is a certified copy of the judgment.

The judgment in this case does not contain the usual recitals. But it is still a judgment under the section above quoted, and the commitment is a process issued upon such judgment, and fully shows the character of the court rendering the judgment, name of the judge, clerk, and the date of such judgment.

We are therefore of the opinion that the imprisonment of Waldrip was legal under both the first and second provisions of said section 19, as tested by the habeas corpus act.

But Weeden, the custodian of the prisoner, in his answer to the writ, returns the whole record of the court in the case, including the presentment of the indictment, the indictment itself, the demurrer thereto, affidavit for change of venue, the record of the impaneling of the trial jury, the action of the court at all stages of these proceedings, charge to the jury, and the verdict in the trial, and all the minutes and proceedings of the court thereon.

This return (which is unquestioned) constitutes a full, complete, and decisive answer to every allegation contained in the petition and application of petitioner, and being admitted as true, negatives the same.

It was ordered by the court that the writ be discharged and the prisoner remanded.

Pinney, J., concurred.